Lavinia E. Prentice, Plff. in Err., *v.* A. J. Pleasonton, Trustee under the Will of Joseph Dugan, Deceased, Garnishee of Alfred Pleasonton.

A fund held in trust under a will, and directed by a decree of the orphans' court "to be paid to the defendant to be applied to his personal support and maintenance, or in his discretion to the support and education of any children he may have, so as the same shall not be in any manner assignable or anticipated, nor liable to his debts or liabilities, or that the trustee may, if thought needful by him, apply the fund in like manner for the benefit of the said defendant and any of his children,"— is not attachable.

(Argued March 23, 1887. Decided April 4, 1887.)

January Term, 1887, No. 302, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to Common Pleas No. 2 of Philadelphia County to review a judgment on a verdict for garnishee in attachment sur judgment. Affirmed.

November 24, 1886, the plaintiff issued an attachment in execution on a judgment against Alfred Pleasonton and A. J. Pleasonton, trustee, under the will of Joseph Dugan, deceased, as garnishee. Interrogatories were subsequently filed by the

NOTE.—Where a spendthrift trust has been created, neither the income nor the principal can be attached by creditors. Beck's Estate, 133 Pa. 51, 19 Am. St. Rep. 623, 19 Atl. 302; Goe's Estate, 146 Pa. 431, 28 Am. St. Rep. 805, 23 Atl. 383; Brubaker v. Huber, 2 Pa. Dist. R. 703, 10 Lanc. L. Rev. 99; Kreamer v. Showalter, 1 Pa. Co. Ct. 453; Seitzinger's Estate, 170 Pa. 500, 32 Atl. 1097. Nor is income attachable where the paying of the same is within the discretion of a trustee. Keyser v. Mitchell, 67 Pa. 473. If no spendthrift trust is created, income from the trust estate may be attached (Bremer v. Mohn, 169 Pa. 91, 32 Atl. 90; Park v. Matthews, 36 Pa. 28; Gruver v. Edinger, 13 Pa. Co. Ct. 307, 2 Pa. Dist. R. 736); but not the principal) Still v. Spear, 45 Pa. 168; Girard Life Ins. & T. Co. v. Chambers, 46 Pa. 485, 86 Am. Dec. 513).

plaintiff. In his answer to these, the garnishee admitted that he had funds in his hands belonging to said Alfred Pleasonton, under certain decrees of the orphans' court; but he averred that by the terms of said decree said funds were not liable to attachment.

The court discharged a rule for judgment taken upon the garnishee's answer to the interrogatories. The garnishee pleaded *nulla bona,* and the case was put at issue. On the trial the plaintiff offered in evidence the will of Joseph Dugan, which provided, *inter alia,* as follows:

"I give and bequeath to my said niece, Mrs. Caroline Pleasonton, one annuity of $4,000 per annum, to be paid to her during the term of her natural life, for her own sole and separate use, and upon her own receipt, notwithstanding her coverture, and free from the control of any husband whatsoever; said annuity to be paid her by my trustees, hereinafter named, out of the rents, dividends and incomes of the estate and property hereinafter devised and bequeathed to them, in half-yearly payments of $2,000 each; the first payment to be made at the end of six calendar months from the date of my decease.

"If my said niece, Caroline Pleasonton, shall survive my said sister, Ann Dugan, then it is my will, and I do order and direct, that her annuity shall be increased by the additional sum of $4,000 per annum, so as to make the whole amount of her said annuity equal to $8,000 per annum; the said increased annuity to be paid to her at the same time and in the same manner as before provided for. If the death of my said sister shall occur before my own decease, then the first semi-annual payment to be made to my said niece, Caroline, will be $4,000; but if my sister shall survive me, and shall die before said Caroline, then the first payment to be made to her, after the death of my sister, shall include, in addition to the amount due upon the original annuity, such proportion of the additional sum hereby given as may be adequate to the time which shall then have elapsed from the death; and my said sister's representatives shall be entitled to receive the sum which will make up all arrearages of her annuity, calculated and apportioned to the time of her death.

"I do hereby further give and bequeath to my said niece, Caroline Pleasonton, in addition to the above annuity and increased annuity, and do order and direct to be paid to her in

semi-annual payments the sum of $500 per annum for each and every of her children that shall, at my decease, be twelve years of age, or that shall afterwards attain to that age (as many sums of $500 as there shall be children of twelve years of age), to be applied by her to and for the clothing and education of her said children. The payment of each sum of $500 is to commence six months after the time of my decease, for each child then twelve years of age, and for the others six months from the time when each child attains the age of twelve years, and is to be continued until each child respectively shall reach the age of twenty-one, or before that age shall die, and is to be made by my trustees hereinafter named in semi-annual payments out of the dividends, interests, and income of the estate and property hereinafter devised and bequeathed to them; and upon the receipt of the said Caroline, whether sole or covert. And in case of the death of my said niece during the minority of any of her children, I order and direct the same amount of $500 per annum to be paid to the surviving parent or guardian of each child so in his or her minority, for its education and clothing from the age of twelve years until such child shall attain the age of twenty-one years; if the father of the said children survives, his receipt to be sufficient; if not, then payment to be made to a guardian. And to each and every of the said children of my said niece Caroline, as they shall respectively attain the age of twenty-one years, I give and bequeath the sum of $1,000 per annum, if the income of my' estate shall be sufficient for that purpose after paying all other charges, expenses, and annuities herein provided for, said sum of $1,000 per annum to be paid in semi-annual payments by my trustees hereinafter named, out of the income, interests, and dividends of my estates and property hereinafter devised to them, the first payment to be made to each child six months after he or she sall reach the age of twenty-one years, and to be continued until the period as hereinafter appointed for the division of my estate, unless sooner determined by the death of such child.

"I give and bequeath to Augustus James Pleaston, the husband of my niece Caroline, an annuity of $2,000 per annum, to be paid to him during the term of his natural life, by my trustees hereinafter named, out of the rents, dividends, and income of the estates and property hereinafter devised and bequeathed to them, in half yearly payments of $1,000 each; the

first payment to be made in six calendar months from the date of my decease; and if he, the said Augustus James Pleasonton, shall survive his wife, my said niece, I do order and direct that his said annuity shall from time of her death be increased to and stand at the sum of $5,000 per annum. In that event the arrearages of his annuity of $2,000 will be paid up to the day of her decease, and from that day forward all future payments shall be at the rate of $5,000; and the proportion of my said niece's annuity which, at the time of her death, may have accrued since the last payment to her shall go to her representatives."

He then devised and bequeathed to the trustees all of his estate not before devised: "In trust, after paying all my just debts, funeral expenses, and the pecuniary legacies herein bequeathed, to collect the rents, issues, and profits of my real estate, and the interest, income, and dividends of my personal property, and out of the moneys so collected to pay from time to time and until the period of the division of my estate shall arrive, the annuities hereinbefore bequeathed to my sister, Ann Dugan, my niece, Caroline Pleasonton, her husband, Augustus James Pleasonton, and to the children of my said niece. And if at any time it shall so happen that the said rents, issues, profits, incomes, interest, and dividends are insufficient to pay the costs, charges, taxes, and repairs upon and of my said estate, and the said annuities in full, then it is my will, and I order and direct, that an equal deduction shall be made from the several sums payable to the children of my niece Caroline, or to any person for their benefit, to the full extent necessary to make the fund adequate to the rest of the annuities and expenses; and if such reduction and nonpayment shall still leave a deficiency, then a *pro rata* deduction shall be made among the other annuities, it being my intention that the said annuities shall never be permitted to encroach upon the capital of the estate. But the sums so reduced or withheld may be made up to the respective persons entitled when the funds again shall permit.

"And in trust to invest from time to time all such surplus moneys as may be in their hands in such stocks, public loans, mortgages, ground rents, or other securities as to them may appear most safe and judicious, and to collect the interest and dividends thereof and the same to reinvest.

"And upon trust after the death of my sister, Ann Dugan,

and of my niece, Caroline Pleasonton, and of my niece's husband, Augustus James Pleasonton, and so soon as the youngest surviving child of my said niece Caroline shall attain twenty-one years of age (and not before) to divide the personal property, with all its accumulations, and to make partition of all the real estate in equal parts and shares, share and share alike, to and among the then surviving children of my said niece Caroline, and children or lawful issue of any child of my said niece, who may then be dead, having left children or lawful issue him or her surviving; such children or lawful issue of a deceased child to take among them the same share (neither more nor less) and interest which their parent would have taken if then alive.

"And, if my niece Caroline shall leave no children her surviving, or if her children who do survive her shall all die before their age of twenty-one years, and leaving no children or lawful issue them surviving, then in trust to divide my said estate real and personal in equal shares—share and share alike between my grandniece, Ann Eck, and my grandnephew, Joseph Eck; and if either of them should be dead, leaving lawful issue, such lawful issue to take among them the share of the deceased parent; but if no such lawful issue, then the whole to go to the survivor or the lawful issue of such survivor.

"And I do hereby authorize and empower my said trustees, and the survivors and survivor of them, and their successors in the trust, to sell and dispose of any of my unimproved lots of ground, upon ground rents so reserved as to be redeemable at the time when my estate is so as aforesaid to be divided. And I also authorize and empower them, the survivors and survivor of them, and their successors in the trust, when partition and division of my estate is to be made as aforesaid, to sell and convey in fee simple such parts and so much of my real estate as may be necessary to enable them to effect entire equality of partition and division among the devisees.

"And in cases of sales on ground rent or for equality of partition, I give them full power to convey estates to the purchasers, entirely freed and discharged from all trusts created by this will, and from all liability on the part of the purchasers for the appropriation of the purchase moneys. But I expressly direct that, except in these cases thus provided for, my said trustees shall not sell or dispose of any part of my real estate, but shall re-

serve the same for partition among the devisees, keeping it at all times in due and proper repair, and paying all taxes, assessments, and charges thereon.

"And for the purpose of making partition of the real estate as aforesaid, I do further authorize, empower, and direct my said trustees, the survivors or survivor and the successors of them, to convey by deeds in fee simple duly executed to the persons entitled, such portions and parcels of my real estate as may be allotted to them respectively, and this allotment shall be made by my trustees according to their best judgment.

"And I do further order and direct my said trustees, when proceeding to make partition and division of my estate, if there shall be children of my niece, Caroline Pleasonton, to receive it, and any of those children shall be females, so to convey, transfer and settle the parts and portions which may be allotted to such female children that they may take, hold and enjoy the same, free from all liability for any debts or engagements of any husband, subject to their own control, and with power to devise the same, whether single or covert; and for this purpose I direct my trustees to make such conveyances and transfers to trustees, if necessary, to be selected with the consent and approbation of such females, and in such manner as may be advised by counsel learned in the law, and releases and discharges given to my trustees by the trustees for such females shall be as valid and effectual as given by the females themselves, or by them and their husbands if they are covert."

The plaintiff also offered in evidence a decree of the orphans' court of Philadelphia county, entered January 4, 1879, sur petition of Augustus J. Pleasonton, sole acting trustee under the will of Joseph Dugan, deceased, for an order increasing the allowance to the children of Mrs. Caroline Pleasanton, etc., as follows:

"It is ordered, adjudged, and decreed that the prayer of the petition be granted as follows, — to wit, that the said trustee, after providing for the payment, as the same shall annually accrue, of all annuities given under the said testator's will, and of all taxes and water rents and recurring charges upon the several properties belonging to this estate, and after retaining a balance sufficient to provide for recurring repairs of the said properties and taxes thereupon, and a further fund sufficient to meet all contingencies and extraordinary liabilities which may

befall the said estate, the surplus of the said contingent fund which may remain unexpended at the end of each fiscal year of the said estate to be invested by the said trustee as part of the fund for accumulation of the said estate as directed by the will, the sum of $10,000 out of the annual income accruing from the said estate shall be divided into five equal parts and shares; and that one of the said parts or shares be paid over by the said trustee in half-yearly payments . . . to Alfred Pleasonton, one of the children of Mrs. Caroline Pleasonton, deceased, the same to be applied to the personal support and maintenance of the said Alfred Pleasonton, or in his discretion to the support and education of any children he may have, so as the same shall not be in any manner assignable or anticipated, nor liable to the debts, contracts, or liabilities of the said Alfred Pleasonton; or that the said trustee may, if thought by him needful, apply the said part of the said income in like manner for the benefit of the said Alfred Pleasonton and any children he may have.

. . . . . . . . .

"Provided, that if said trustee shall for cause satisfactory to himself, in the exercise of a faithful discretion, subject to the revision of the court, withhold any part of said allowances to prevent waste and improvidence, the part so withheld shall inure to the benefit of the party or parties from whom withheld, or his or her legal representatives, to be paid over or applied as aforesaid, whenever the same may be safely done, or if not so paid to go to his or her executors or administrators."

The plaintiff also offered a decree of the same court, entered May 22, 1886, as follows:

"It is ordered, adjudged, and decreed, that said trustee pay out of the income of said estate, subject to the restrictions and directions of the decree for allowance of January 4, 1879, the sum of $4,000 per annum, half yearly, instead of the sum of $2,000 per annum heretofore ordered, unto each of said petitioners and to the said Francis S. Pleasonton and Mrs. Anna Josephine Guest, respectively; provided, that the said children of Augustus Pleasonton, deceased, shall receive together said sum of $4,000, one half thereof to be paid to the said Stella Maud Pleasonton, and the other half to be paid to the guardian of the said Julia Aline Pleasonton until she reaches her majority, when her proportion shall be paid to her individually."

The court, FELL, J., directed the jury to find for the garnishee.

Verdict and judgment accordingly.

The assignment of error specified the action of the court in directing the jury to find a verdict for the garnishee.

*N. Dubois Miller* for plaintiff in error.

*F. C. Brewster* for defendant in error.

PER CURIAM:

The court correctly charged the jury to find a verdict in favor of the defendant, garnishee. The fund in the hands of the garnishee is not subject to the attachment of the plaintiff.

Judgment affirmed.